IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HASSAN ALI PEJOUHESH, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. H-14-2060 |
| | § |
| CAPITAL ONE BANK, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

The plaintiff, Hassan Ali Pejouhesh, representing himself, sued Capital One, N.A. in state court after federal law-enforcement agents from the United States Postal Service executed a warrant authorizing them to search and seize the contents of a safe deposit box held in the names of Pejouhesh and another individual, Juana Aviles-Gomez. The warrant was issued to discover evidence of bank and mail fraud. Pejouhesh alleges that Capital One's acquiescence in the execution of the warrant without giving him a "default notice" violated the safe deposit lease agreement and state law; that Capital One was negligent in allowing the warrant execution and in failing to give him notice, and because after the warrant was executed, a number of items were missing from the box; and Capital One made fraudulent or negligent misrepresentations by not disclosing that items had been stolen from the box. Pejouhesh asserts claims for breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. Capital One timely removed and moved to dismiss for failure to state a claim and for improper service, or, alternatively, for a more definite statement. (Docket Entry No. 3). Pejouhesh moved to remand for lack of subject-matter jurisdiction, (Docket Entry No. 8), and to have the court appoint

him counsel, (Docket Entry No. 12). Pejouhesh is suing from the federal prison where he is serving a sentence for bank fraud, possessing stolen mail, fraud in connection with access devices, and aggravated identity theft. He is appealing his convictions.

Based on the motions and responses, the pleadings, the record, and the applicable law, the court denies the motion to remand and grants the motion to dismiss for failure to state a claim on which relief can be granted. The court need not address the remaining grounds for dismissal at this time. The dismissal is without prejudice and with leave to amend to attempt to address the pleading deficiencies. Pejouhesh must file any amended pleading no later than **September 29, 2014**. Failure to comply with this deadline will lead to dismissal with prejudice.

The reasons for these rulings are explained below.

**I.    The Motion to Remand**

This case was properly and timely removed based on federal diversity jurisdiction. The removal notice stated as follows:

> 1. This action involves a controversy among citizens of different states:
>    (a) Plaintiff Hassan Ali PeJouhesh is an individual residing in Texas. Plaintiff resided in Houston, Texas prior to his incarceration at Texarkana FCI, where he currently resides. For purposes of diversity jurisdiction, plaintiff is a resident of Texas. *See* Exhibit A in Indexed items accompanying this Notice.
>    (b) Defendant Capital One is a corporation incorporated in Delaware, with its principal place of business in Virginia. For purposes of diversity jurisdiction, Capital One is a citizen of Delaware and Virginia, and was a citizen of Delaware and Virginia at the time the State Court Action was filed.
> 2. This action involves an amount in controversy exceeding $75,000.00. Plaintiff's Petition (filed as "Plaintiff's Motion Under Texas Deceptive Trade Practices Act 'TDTPA'") demands $557,600 in economic damages and $3,000,000 in mental anguish damages. Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interests, costs, and attorneys' fees. *See* Exhibit A in Indexed items accompanying this Notice.
> 3. Accordingly, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000. This action is removable to the United States District Court under 28 U.S.C. §§ 1441(b) and 1332 based on diversity jurisdiction.

Pejouhesh asserts that there is no diversity of citizenship because the notice did not allege the citizenship of the local branch where the actions at issue occurred and the local branch officials are in-state. There is no requirement to include a local branch in determining Capital One's citizenship and the only defendant named is Capital One, so the alleged involvement of in-state local branch officials and employees is irrelevant to diversity.

Removal was timely filed. Although Capital One disputes proper service, it removed on July 21, 2014, within 30 days after it first received notice of this lawsuit and a copy of the initial pleading setting on June 27, 2014.

The motion to remand is denied.

## II.     The Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6) and 9(b)

### A.     The Legal Standards for Motions to Dismiss

When, as here, a complaint alleges fraud, "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). The plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d at 177. "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which

3

requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

### B. Analysis

#### 1. Breach of Contract

Pejouhesh alleges that he had a valid safe deposit lease agreement and paid the rental fee for 2010. He does not allege facts that, if proven, could support his breach of contract claim. He alleges that Capital One was not "fully compliant with guidelines" and did not send a default notice after the contents of the safe deposit box were seized by the federal agents. He does not allege any factual basis for inferring that assuming these failures, they breached the safe deposit lease agreement. This claim is dismissed.

#### 2. Negligence

Pejouhesh alleges that Capital One was negligent in allowing items to be removed from the safe deposit box. The complaint allegations are conclusory. They list such acts as "authorizing government agent without adequate warrant improper access to plaintiff property"; "failing to properly notify Plaintiff"; "failing to have an appropriate policy of security and safeguards"; "breaking or opening the locks on the relevant safe deposit box" to allow the warrant to be executed; "failing to obtain signed inventory list by government agent and bank employees; and "failing to prevented [sic] government access to plaintiff [sic] safe deposit box with inadequate and outside of scope warrant." (Complaint at Sec. IX.) These statements are conclusory. There is no factual allegation that could support an inference that Capital One had a duty to ensure that the federal warrant was validly issued or to require an inventory of what the law enforcement agents took from the box in executing the warrant. Given the warrant and the authority it conferred, there is no factual allegation to support an inference of causation between the alleged acts and the injuries and damages Pejouhesh claims.

In addition, negligence is subject to a two-year limitations period. Pejouhesh alleged that Capital One negligently provided the federal agents with access to the safe deposit box on September 24, 2010. He did not file his complaint until June 17, 2014, nearly four years later.

The negligence claim is dismissed.

### 3.  DTPA

The DTPA claim is based on the allegation that Capital One "fail[ed] to disclosed [sic] to government missing or stolen high value items from safe deposit box on or before Sept. 2010." There are no facts alleged that would support an inference that Capital One committed any of the false, misleading, or deceptive acts specifically enumerated in Subsection (b) of Section 17.46 of

the Texas Business and Commerce Code, *see* TEX. BUS. & COMM. CODE § 17.46(b)(1)-(27), as required by Section 17.46(d), *see* TEX. BUS. & COMM. CODE § 17.46(d). The DTPA claim is also subject to a two-year limitations period, which Pejouhesh missed by almost two years.

The DTPA claim is dismissed.

####    4.    Fraudulent and Negligent Misrepresentation

The complaint refers to negligent misrepresentation but no factual allegations support such a claim. A negligent misrepresentation claim is also subject to a two-year limitations and is barred on that basis as well.

The complaint is also deficient in alleging fraud, including allegations under the DTPA that involve fraudulent representations. The applicable Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). The complaint fails to meet this standard. Nor does the complaint meet the standard if the fraud theory is based on omissions rather than affirmative misstatements. There are no factual allegations of: how the alleged failure to disclose "to the government missing or stolen high value items" violated any duty to disclose; that the undisclosed facts were material; that the undisclosed facts were known to Capital One and unknown to Pejouhesh (and that Capital One knew of Pejouhesh's ignorance); that Capital One intended to induce Pejouhesh to take some action or refrain from acting; or that Pejouhesh relied on the nondisclosure and suffered injury as a result.

The negligent and fraudulent misrepresentation claims are dismissed.

####    5.    Fourth, Fifth, and Fourteenth Amendments

Pejouhesh alleges that Capital One violated his constitutional rights under the Fourth, Fifth and Fourteenth Amendments by failing to notify him that the federal government had seized his property. He fails to allege any state action that could give rise to the constitutional violations he asserts. The constitutional claims against Capital One are dismissed.

### III.     The Motion for Appointment of Counsel

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," but there is no right to appointment of counsel in a civil case. *Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir. 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.,* 911 F.2d 1165, 1166 (5th Cir.1990). An indigent civil litigant does not have a right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana,* 122 F.3d 286, 293 (5th Cir.1997); *Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994). A court may appoint counsel in a civil case if exceptional circumstances make it necessary for the proper administration of justice. *Ulmer v. Chancellor,* 691 F.2d 209, 212–13 (5th Cir.1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Ulmer v. Chancellor,* 691 F.2d at 212–13. The burden is on Pejouhesh to demonstrate that exceptional circumstances are present. He has failed to meet that burden at this time. The pleading shows that he understands the proceedings and can address the issues presented. While Pejouhesh may have limited knowledge of the law, this is true of nearly every person who files a *pro se* lawsuit. For this reason, *pro se* pleadings are held to less stringent standards than formal pleadings drafted by a

lawyer and courts are liberal in reviewing *pro se* pleadings and motions, giving *pro se* individuals ample opportunity to amend if necessary, and granting generous extensions of time to comply with court orders.  Appointment of counsel would not significantly assist the court at this time and is not needed for the proper administration of justice.  Because the court finds no exceptional circumstances to warrant appointment of counsel at this stage, the motion is denied.

**IV.     Conclusion**

The motion to remand is denied; the motion to dismiss is granted, without prejudice and with leave to amend no later than September 26, 2014; and the motion for appointment of counsel is denied.

SIGNED on August 26, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge