IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HASSAN ALI PEJOUHESH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2060 |
| | § | |
| CAPITAL ONE BANK, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Hassan Ali Pejouhesh, representing himself, sued Capital One, N.A. after federal law-enforcement agents from the United States Postal Service executed a warrant authorizing them to search and seize the contents of a safe deposit box held in the names of Pejouhesh and another individual. Pejouhesh sued Capital One in state court for breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act. Pejouhesh alleged that Capital One's acquiescence in the execution of the warrant without giving him a "default notice" violated the safe deposit lease agreement and state law; that Capital One was negligent in allowing the warrant execution and in failing to give him notice, and because after the warrant was executed, a number of items were missing from the box; and that Capital One made fraudulent or negligent misrepresentations by not disclosing that items had been stolen from the box.

Capital One timely removed and moved to dismiss for failure to state a claim. Pejouhesh moved to remand the case and requested appointment of counsel. The court denied Pejouhesh's motions to remand and to appoint counsel and granted Capital One's motion to dismiss, finding that Pejouhesh's pleadings were conclusory and did not state a claim upon which relief could be granted.

The court's dismissal was without prejudice. Pejouhesh was given until September 26, 2014 to file an amended complaint, and was warned that failure to do so would lead to dismissal with prejudice.

Pejouhesh did not amend. Instead, he filed motions seeking reconsideration of the court's orders, permission to add additional parties, additional time to respond, stays of the case, and tolling of deadlines. (Docket Entry Nos. 16, 17, 27, 33, 34, 35, 36). Capital One responded. (Docket Entry Nos. 20, 24, 29, 38, 39). Pejouhesh replied in support of his motions to stay the case and for an extension of time to file an amended complaint. (Docket Entry No. 21).

Pejouhesh has filed the following motions:

- On September 3, 2014, Pejouhesh filed a "motion to stay defendant Rule 12(b) motion pending court adjudication motion to remand," as well as a "motion for extension of time to amend and file supplement responsive pleading to defendant motion to dismiss for failure to state a claim." (Docket Entry Nos. 16, 17). In these motions, Pejouhesh asked the court to grant him until September 28, 2014 to file an amended complaint and a supplemental responsive pleading to Capital One's already-granted motion to dismiss. Pejouhesh also asked the court to rule on his already-denied motion to remand before ruling on the already-granted motion to dismiss.
- On October 2, 2014, in his reply to Capital One's response to the motion to stay and motion for extension of time, Pejouhesh asked the court to extend the deadline to file an amended complaint to October 28, 2014. (Docket Entry No. 21).

- On October 29, 2014, Pejouhesh filed a "motion for amended the complaint," seeking to add the Houston, Texas branch of Capital One and several of its branch managers as defendants. (Docket Entry No. 27). The motion also alleged that Capital One had committed fraud by not telling him that "Capital One Bank" was the same entity as "Capital One, N.A.," but did not otherwise add to or modify the pleadings.

- On December 22, 2014, Pejouhesh filed a "motion for reconsideration appointment counsel and judgment," asking the court to reconsider its denial of his earlier motion to appoint him counsel. (Docket Entry No. 34).

- On December 29, 2014, Pejouhesh filed a "motion to temporary stay," informing the court that he had been transferred to a different facility and did not have access to his legal documents. (Docket Entry No. 35). Pejouhesh asked the court to stay the case until he was moved so that he could reply to Capital One's response to his "motion for amended the complaint."

- On January 12, 2015, Pejouhesh informed the court that he had been transferred but still did not have access to his legal materials. (Docket Entry No. 37). He argued that these "exceptional circumstances" justified equitably tolling the deadlines for him to reply to Capital One's response to his "motion for amended the complaint" and "motion for extension of time to amend."

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that "the Federal Rules of Civil Procedure do not recognize a general motion for

3

reconsideration"). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change that order or judgment. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

A Rule 59(e) motion "should not be granted unless there is: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; [or] (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Brown v. Mississippi Co-op Extension Service*, 89 Fed. App'x 437, 439 (5th Cir. 2004) (citing *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (stating a motion for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued"); *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (2d ed. 1995). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124.

Pejouhesh asks the court to reconsider its denial of his motion for appointment of counsel, arguing that he cannot write or understand English, the case is complicated because he does not know how to state a claim or how to subpoena witnesses, and he cannot afford to hire a private investigator. (Docket Entry No. 34).

Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel," but there is no right to appointment of counsel in a civil case. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have a right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994). A court may appoint counsel in a civil case if exceptional circumstances make it necessary for the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice: (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court. *Id.*

Pejouhesh has not met his burden of demonstrating that exceptional circumstances are present. His pleadings both before and after the court's denial of his motion to appoint counsel show that he understands the proceedings and can address the issues presented. Pejouhesh does not need assistance subpoenaing witnesses or hiring a private investigator at this stage. Because the court is not persuaded that appointment of counsel would assist in the proper administration of justice, Pejouhesh's motion for reconsideration is denied.

Pejouhesh did not file an amended complaint by September 26, 2014, the deadline set in the court's order. This alone justifies dismissal of his complaint with prejudice. Instead of amending his complaint before the court's deadline, Pejouhesh filed a motion for extension of time, asking to amend pleadings by September 28, 2014. (Docket Entry No. 16). After his own proposed deadline

had passed, he asked for another extension, until October 28, 2014. (Docket Entry No. 21). After missing that deadline, Pejouhesh filed a "motion for amended the complaint," seeking to add new parties (while asserting no claims against them), but declining to otherwise amend his pleadings.

Despite these delays, Pejouhesh still has not filed an amended complaint to address the major pleading deficiencies in his original complaint. He has only added an allegation that Capital One committed fraud by failing to disclose that "Capital One Bank" is the same entity as "Capital One N.A." This allegation does not meet the Rule 8 or 9(b) pleading requirements. Indeed, none of Pejouhesh's allegations appears to state a claim on which this court could grant relief. This case is dismissed, with prejudice. Pejouhesh's remaining motions are denied as moot.

## IV.   Conclusion

The motion for reconsideration, (Docket Entry No. 34), is denied. This case is dismissed with prejudice. Final judgment is separately entered.

SIGNED on February 9, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge